MARÍA MILLÁN RIVERA, Plaintiff and Appellant, *v.* ANTERO SOLÍS LAZÚ, Defendant and Appellee.

No. 143. Decided May 23, 1962.

*José Aulet* for appellant. *Aguedo Mojica Marrero* for appellee.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos and Mr. Justice Santana Becerra.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

On February 27, 1951, when judgment was rendered by the former District Court of Puerto Rico, Humacao Section, decreeing the divorce of María Millán Rivera and Antero Solís Lazú, granting the custody of the minor children of the marriage, Luis Alberto and Marilda Solís, to appellant María Millán Rivera, and fixing the allowance which appellee Antero Solís was bound to provide for the support of his two children, there governed in Puerto Rico, as respects the district where the action of divorce should be filed and the incidental pronouncements on family relations and allowance for support, the provision of § 81 of the Code of Civil Procedure, before it was amended, which established that such action should be filed in the district where the defendant resided, in this case, appellee Antero Solís.

On November 24, 1958, when judgment was rendered by the now Superior Court of Puerto Rico, San Juan Part, dismissing for lack of jurisdiction the motion for modification of the family relations and increase of the allowance for support, there governed in Puerto Rico, as respects the place where the action for support should be filed, the provision of § 81 of the Code of Civil Procedure, after it was amended by Act No. 16 of April 21, 1954 (Sess. Laws, p. 138), which established that such action, in the case of minors under 21 years of age at the time of the commencement of the action, as is the case here, should be tried "in the Part of the Superior

Court of Puerto Rico corresponding to the territorial demarcation where the plaintiff resides," in this case, appellant María Millán Rivera in representation of her minor children Alberto and Marilda Solís Millán. There is no question that the minors-appellants reside within the territorial demarcation of the San Juan Part of the Superior Court of Puerto Rico.

In denying for lack of jurisdiction the motion for modification and increase referred to above, the San Juan Part set out the following grounds: "We have borne in mind the provisions of § 81 of the Code of Civil Procedure, as amended by Act No. 16 of April 21, 1954, and Rule 3 of the Rules of Civil Procedure which were in force on July 31, 1958, and find that such provisions do not apply to this case which rather involves a jurisdictional question, and we hold that this court can in no way modify the holding of another Part of this Superior Court, and, therefore, the complaint will be and is hereby dismissed; and the plaintiff may resort to the Superior Court of Puerto Rico, Humacao Part, requesting the increase of the allowance for support and modification of the paterno-filial relations.

"We do not prejudge in any way plaintiff's right to request the Humacao Part of the Superior Court of Puerto Rico to transfer to this court any motion relative to these particulars."

In order to determine exactly the 1954 amendment to § 81, it is well to review briefly the reorganization of our courts since 1946. Act No. 212 of March 26, 1946 (Sess. Laws, p. 394), reorganizing the former District Court of San Juan and creating the former Court of the Judicial District of San Juan, created a Family Relations Section to take cognizance of actions of divorce, support, and of all auxiliary remedies or incidental proceedings brought out, arising, or moved for within such actions or proceedings. Without actually indulging in the formality of a separate section, each district

court had in its regular civil calendars a special space devoted to hearing the so-called family relations cases as something different from the juvenile cases of delinquent minors or abandoned children covered by the former Act No. 37 of March 11, 1915 (Sess. Laws, p. 71). There is no question that the determination of the custody of the minor children and the family relations between the children and the divorced parents was comprised within the auxiliary remedies and incidental proceedings of divorce actions. Although the purpose of Act No. 432 of May 15, 1950 (Sess. Laws, p. 1126), creating the District Court of Puerto Rico, was to create one single court for the Island, divided into different sections, but all of them with the same authority, by submission, to take cognizance of any civil matter, without being subject to the rules of jurisdiction or venue of the former territorial seats, it reserved to the magistrates of the District Court of Puerto Rico the same powers, duties, and functions of the former district courts, including the immovability of the magistrates within their judicial seats.

Although the purpose of Act No. 11 of July 24, 1952 (Sp. Sess. Laws, p. 30), creating the General Court of Justice of the Commonwealth of Puerto Rico and as part thereof the Superior Court of Puerto Rico, was to create one single court for the Island, divided into parts, but all of them with the same authority, by submission, to take cognizance of any civil matter, without being subject to the rules of jurisdiction or venue of the former territorial sections, it reserved to the magistrates of the Superior Court of Puerto Rico the same powers, duties, and functions of the former District Court of Puerto Rico, although authorizing the movability of the magistrates outside their usual judicial seats.

Reading together the two Acts reorganizing the Judiciary of Puerto Rico in the aspects bearing on this litigious question, it may be seen that what Act No. 432 of May 15, 1950 authorized was a broader movability as respects those real

and personal actions which required a specific venue, and that Act No. 11 of July 24, 1952, in addition to authorizing the movability of the real and personal actions, authorized a greater movability of the magistrates within or outside their judicial seats and categories.

 The significance of the 1954 amendment to § 81, providin° that cases of support shall be filed in the place where the minors reside, is that it is a legislative pronouncement made after the judicial system reform of 1950 and 1952, reinstating the former concept of the territorial seat in the special case of support of minors, a question which we know is of a high public interest. The same could be said of Act No. 71 of June 18, 1957 (Sess. Laws, p. 165), amending art. 395 of the Mortgage Law, which provides that every property owner having no recordable title, whatever the period of acquisition, may prove his ownership by filing a petition "in the Part of the Superior Court of the *territory* in which the property is situated." See *Rodríguez* v. *Registrar,* 75 P.R.R. 669, 693–96, 697–98, 698–716 (Ortiz, 1953) (Negrón Fernández, Sifre, and Belaval, dissenting). The amendment to § 81 vests the Superior Court of Puerto Rico, San Juan Part, which is the place where the minors-appellants reside, with power to take cognizance of this matter.

 Perhaps the trial court's principal ground for dismissing the action for support was that, the Humacao Part having intervened in the award of such support in decreeing the parent's divorce, pursuant to § 107, as amended, of the Civil Code of Puerto Rico, no other Part of the Superior Court of Puerto Rico should pass upon any subsequent modification thereof. The rule laid down by the San Juan Part is wholesome and tends to forestall the chaos which may be caused by vicious relitigation by different Parts, but we must apply it on condition that the judgment rendered must dispose finally of the merits of the case. The trouble with awards for support and family relations is that, because of

their own nature, they can not be considered as having finality, and, as a question of juridical reality, every new modification constitutes a new action. *Sacarello* v. *Rubio*, 44 P.R.R. 860, 863 (Del Toro, 1933); *Meléndez* v. *Superior Court*, 77 P.R.R. 506, 509 (Pérez Pimentel, 1954).

This being so, the judgment rendered by the San Juan Part dismissing the action will be reversed and that Part ordered to decide the case on the merits.